# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

ANGELA YAZDANI,
An individual,

    Plaintiff.

v.

CITY OF BRIGHTON,
A municipal corporation,

    Defendant.

---

## COMPLAINT AND REQUEST FOR JURY TRIAL

---

Angela Yazdani, through her counsel, Christopher Mannion, CPM-Law, LLC, and Steven L. Murray, Murray Law LLC, asserts these allegations and claims against the Defendant, the City for Brighton, State of Colorado.

This is an employment discrimination and retaliation case arising from the Defendant's intentional discriminatory treatment of Ms. Yazdani based on sex, and retaliation against her for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq., as amended by the Civil Rights Act of 1991 [Title VII].

## I. PARTIES

1. Ms. Yazdani [Yazdani], a female, is employed by the City of Brighton [City].

2. The City is a municipal corporation with offices in Brighton, Colorado.

3. Yazdani resides in Northglenn, Colorado, within the judicial district of this Court. Yazdani works for the City within the judicial district of this Court.

4. The City conducts business within the judicial district of this Court.

5. The City employs over 15 persons.

## II. JURISDICTION AND VENUE

6. Jurisdiction is proper under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, 2000e-5 and 2000e-5(f)(1)(3), *as amended,* by the Civil Rights Act of 1991, 42 U.S.C. § 1981a (a) (1), (b) (2)-(4), (c), (d) (1) (2) [all statutes are collectively referenced as "Title VII"].

7. Yazdani is an employee of the City as defined by Title VII.

8. The City is an employer as defined by Title VII.

9. This Court also has jurisdiction under 28 U.S.C. § 1331.

10. Venue is proper in this Court under 28 U.S.C. § 1391(b) (c).

## III. ADMINISTRATIVE PROCEDURES

11. Before filing this action, Yazdani timely, properly, and lawfully exhausted all required administrative procedures and remedies.

12. Yazdani filed a timely charge of sex discrimination and retaliation with the United States Equal Employment Opportunity Commission [EEOC], and she filed an amended charge of sex discrimination and retaliation with the EEOC on November 15, 2019. [EEOC charge #: 541-2019-02684].

13. On December 23, 2019, Yazdani submitted a rebuttal to the Defendant's position statement to the EEOC.

14. On September 28, 2020, the EEOC mailed a Notice of Right to Sue letter to Yazdani.

15. This action is timely filed because it is filed within ninety days of Yazdani's receipt of the Notice of Right to sue letter issued by the EEOC.

## IV. NATURE OF THE CASE

16. This action seeks legal and equitable relief for Defendant City's intentional and unlawful discrimination, and retaliation against Yazdani acts in violation of Title VII.

## V. GENERAL ALLEGATIONS

17. Yazdani is 40 years of age.

18. Yazdani has worked for the City since November 9, 2009.

19. Yazdani has consistently received positive performance appraisals, and she has an unblemished disciplinary record.

20. Yazdani serves as the Recreation Coordinator Aquatics for the City.

21. In 2012, Yazdani engaged in protected activity under Title VII.

22. In 2012, Yazdani filed a formal internal complaint of sex discrimination against a JH, a male employee of the City, who serves as the Assistant Director Recreation Services ["JH-Assistant Director"].

23. Yazdani alleged that she felt unsafe, harassed, and unfairly treated by JH-Assistant Director.

24. At the time, JH-Assistant Director served as her direct supervisor, and he continues to serve in that capacity.

25. The City investigated Yazdani's complaint.

26. The City did not find sexual harassment.

27. The City found that JH had acted inappropriately, and the City issued Yazdani an apology from the Human Resources Director and the Parks Director.

28. Despite the above resolution of her discrimination complaint against JH-Assistant Director, he remained her direct supervisor.

29. In the period February - March 2019, Yazdani applied for a promotion to the Recreation Supervisor position.

30. Yazdani was well qualified for the Recreation Supervisor position.

31. JH-Assistant Director exercised considerable input in the selection process.

32. Yazdani was one of two applicants granted second interviews for the position.

33. JH-Assistant Director interviewed Yazdani alone in the second-round interviews.

34. At the time of the interview, JH-Assistant Director knew about her prior protected activity.

35. In Yazdani's second-round interview, JH-Assistant Director focused his questions on Yazdani's prior complaint about his conduct and/or comments relating to her prior protected activity of filing a complaint against him for discrimination.

36. Upon information and belief, Yazdani's second-round interview differed significantly from the other remaining applicant's second-round interview.

37. On or about April 18, 2019, JH-Assistant Director informed Yazdani she was not selected for the Recreation Supervisor position.

38. Yazdani complained to the City's HR Director that her non-selection was discriminatory.

39. Yazdani was the more qualified selectee for the promotion based upon tenure with the City and technical knowledge.

40. Yazdani has 20 years of full-time experience as a certified Aquatic manager.

41. After Yazdani's 2012 discrimination complaint, she has continually sought to serve on one or more City committees to enhance her career.

42. On each occasion, Yazdani's was not selected to serve, or circumstances changed after expressing her interest in serving.

43. Following Yazdani's protected activity, JH-Assistant Director has repeatedly singled out her niece when she visits the City Recreation Center.

44. JH-Assistant Director monitors Yazdani's niece's activity, repeatedly questioning her, and treating her differently than he treats other guests at the center.

45. The City acted intentionally in discriminating and retaliating against Yazdani.

46. The City's discriminatory and retaliatory actions in denying Yazdani the promotion have caused Yazdani to suffer economic losses, including loss of wages and salary, benefits, retirement contributions, and other monetary losses.

47. The City's discriminatory and retaliatory actions have caused Yazdani to suffer emotional pain, suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life, future pecuniary losses, and other non-pecuniary losses.

## VI.  CLAIMS FOR RELIEF

### FIRST CLAIM

### [Retaliation - Title VII - 42 U.S.C. § 2000e *et. al.*]

48. Yazdani incorporates and restates all allegations asserted as though incorporated.

49. The claim is for unlawful retaliation in violation of Title VII, 42 U.S.C. § 2000e-3.

50. Under Title VII, the City was specifically prohibited from unlawful retaliation and discrimination against Yazdani because she engaged in EEO activities protected by Title VII. 42 U.S.C. § 2000e-3(a).

51. The City engaged in retaliation against Yazdani by taking materially adverse actions against her - actions against Yazdani which would not have occurred but for her participation in protected activities under Title VII.

52. Yazdani participated in protected Title VII activities by complaining of discrimination based on sex.

53. Yazdani's protected activities included but were not limited to:

a.  Filing a formal internal complaint of sex discrimination in 2012, against a JH-Assistant Director, which the City investigated as sexual harassment complaint.

b.  Filing a complaint with the Human Resources office, on or about May 15, 2019, about the way the JH-Assistant Director treated her niece, because he harassed and/or badgered her niece when she visited the City Recreation Center,

by monitoring her activity, repeatedly questioning her, and treating her differently than he treats other guests at the center.

54. The City fully knew of Yazdani's protected Title VII activities.

55. The City, with knowledge of Yazdani's protected activities, engaged in a purposeful campaign and pattern of materially adverse actions against her.

56. The City retaliated against Yazdani by:

    a. Having JH-Assistant Director interview Yazdani alone in the second round of interviews.

    b. Permitting JH-Assistant Director to interview Yazdani.

    c. Permitting JH-Assistant Director to participate in the selection process for the Recreation Supervisor position.

    d. Not selecting Yazdani for the position of Recreation Supervisor.

    e. Not following the City's own rules about the composition of the Board.

    f. The City of Brighton did not follow its own procedures regarding the composition of the Board, since directive 2.07 of the official Employee Handbook states "if internal candidates apply for the position, then at least one member of the board shall be from outside the City organization."

    g. The City placed JH-Assistant Director on the Board, and the City was aware of his conflict with Yazdani.

    h. Permitting JH-Assistant Director to harass and/or badger Yazdani's niece when she visited the City Recreation Center by monitoring her activity,

repeatedly questioning her, and treating her differently than he treats other guests at the center.

      f.     Permitting JH-Assistant Director to insult Yazdani by criticizing her for permitting her niece to visit the Recreation Center. JH-Assistant Director criticized Yazdani for "bringing her child to work. "

      g.     Repeatedly finding a reason to prevent Yazdani from serving on City committees.

57.    This intentional unlawful retaliation was created, perpetuated, and/or tolerated by the City's officials, managers, and employees.

58.    A causal connection exists between Yazdani's protected activities and the City's unlawful materially adverse employment actions against her.

59.    Yazdani filed a discrimination complaint against JH-Assistant Director, and later, the City did not select her for the Recreation Supervisor position, and the City allowed JH-Assistant Director to take the retaliatory activities against Yazdani in paragraph 56 of this Complaint.

60.    There is sufficient temporal proximity between Yazdani's protected activity and the denial of her non-selection for the Recreation Supervisor position in employment, and the retaliatory actions outlined in paragraph 56 of this Complaint.

61.    The City engaged in unlawful, direct, intentional, adverse, retaliatory, and discriminatory employment actions prohibited by Title VII against Yazdani, which would not have occurred but for her protected Title VII activities as described.

62. City's treatment of Yazdani constitutes unlawful and intentional retaliation and discrimination in violation of 42 U.S.C. § 2000e-3(a) and 42 U.S.C. § 1981a (a)(1), (b)(2)(3)(D), and (d)(1)(2).

## **SECOND CLAIM**

**[Sex Discrimination – Hostile Work Environment]
(Title VII of the Civil Rights Act of 1964 - 42 U.S.C. § 2000e *et. al.*)**

63. Yazdani incorporates and restates all allegations asserted as though incorporated.

64. Yazdani is a female.

65. Yazdani is in the Title VII protected class of sex.

66. Title VII forbids a covered employer from discriminating against or discharging any individual about the terms, conditions, or privileges of employment because of the person's sex.

67. The City discriminated against Yazdani because of her sex by subjecting her to a hostile work environment based on sex.

68. Yazdani rebuttal submission to the EEOC, states that she was subjected to:

   a. A male employee of the Parks Department harassed her at multiple work functions, looking at her in a leering manner.

   b. The same male employee followed her at work and stared at her.

   c. The same male employee stalked her by following her every morning after she entered the Recreation Center.

      d.      After Yazdani confronted the same male worker, he continued to ask the receptionist at the Center if he could speak with her, and later, he followed her into the Recreation Center's back offices.

      e.      More than one male employee asked her to sit on their laps in the women's locker room at the water park.

      f.      A male employee brushed up against her with erect genitals and asked her if she wanted to touch it.

      g.      A male employee pulled her hair to where she fell backward.

69.     Every male employee referenced in the above paragraph was stronger and bigger than Yazdani.

70.     Yazdani did not report the events in the above paragraphs because she reasonably believed that reporting the matters would be futile and because she was afraid of the consequences of her reporting the conduct.

71.     Yazdani feared: (1) backlash by the male employees who harassed her and their male co-workers; (2) that the City would not investigate the matter fairly and properly; (3) that reporting the offensive behavior would make the terms and conditions of her employment and her work environment worse and more hostile.

72.     Yazdani's failure to report the harassment is reasonable based on the City's response to her prior complaint to the City regarding the conduct of JH-Assistant Director and her knowledge of the City's male employees.

73.     Yazdani faced an abusive workplace environment of discriminatory intimidation, ridicule, and insult, sufficiently severe or pervasive to adversely alter the terms, conditions, and privileges of her employment.

74. The cumulative adverse conduct by the City, to which Yazdani was subjected, was: (a) unwelcome; (b) offensive; (c) abusive; (d) severe; (e) humiliating and emotionally threatening; and (f) specifically and solely directed at Yazdani.

75. Yazdani was specifically targeted and harmed by the cumulative conduct, which exposed her to disadvantageous employment terms and conditions in a hostile work environment to which male employees were not subjected.

76. The hostile work environment to which Yazdani was subjected was created and perpetuated by male employees of the City.

77. The imposition and perpetuation of an unwelcome, sexually discriminatory hostile work environment based on a Yazdani's protected status under Title VII, is an unlawful discriminatory employment action under Title VII.

78. The City's treatment of Yazdani constitutes intentional, unlawful discrimination because of her Title VII protected class of sex in violation of 42 U.S.C. § 2000e-2(a)(1)(2), and 42 U.S.C. § 1981a (a)(1), (b)(2)(3)(D), and (d)(1)(2).

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Angela Yazdani, respectfully requests this Court to enter judgment in her favor and against the City of Brighton on all claims and to award these remedies:

(a) To enter a judgment for Yazdani and against the City, finding the City's actions constitute intentional unlawful retaliation in violation of Title VII.

(b) To enter a judgment for Yazdani and against the City, finding the City's actions constitute unlawful, intentional discrimination based on sex, in violation of Title VII.

(c) To award Yazdani damages for all lost wages, salary, benefits, and all loss of monetary damages to which she is entitled.

(i) To award Yazdani compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, future pecuniary losses, and other non-pecuniary losses, and all loss of compensatory damages to which she is entitled.

(j) To award Yazdani attorney fees and costs.

(l) To award Yazdani pre-judgment and post-judgment interest at the appropriate rate provided by law.

(m) To direct City to take such affirmative relief steps as are necessary to ensure that the effects of City's unlawful employment practices are eliminated and do not continue to affect Yazdani's employment opportunities.

(n) Order Defendant to reinstate Yazdani to the position of Recreation Supervisor, or in lieu of reinstatement, award Yazdani front pay.

(o) To award Yazdani all other legal and equitable relief, to which Yazdani is entitled under any law, this Court deems just, equitable, and proper.

## JURY TRIAL REQUEST

Under Fed.R.Civ.P. 38 (a)(b)(c), 42 U.S.C. 1981a(c)(1), and all laws providing for a right to trial by jury, Yazdani seeks a jury trial of all claims and issues.

Dated: December 22, 2020.

Respectfully submitted,

<u>/s/ Christopher Mannion</u>
Attorney at Law
CPM-Law, LLC
6018 N Villard Ct.
Parker, CO 80134
Telephone: 720-288-7213
Email: cpm.law.llc@gmail.com


Murray Law, LLC

<u>/s/ Steven L. Murray</u>
Murray Law, LLC
1888 Sherman Street, Suite 200
Denver, CO 80203
Telephone: (303) 396-9952
E-mail: steven@smurraylaw.com

*Attorneys for Plaintiff Angela Yazdani*


<u>Plaintiff's Address</u>:
1987 E. 13th Place
Northglenn, CO  80233