IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03768-MEH

ANGELA YAZDANI,

      Plaintiff,

v.

CITY OF BRIGHTON,

      Defendant.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendant's Motion for Partial Summary Judgment. ECF 14. The Motion is fully briefed, and the Court finds that oral argument will not materially assist in its adjudication. For the reasons that follow, the Motion is granted.

## BACKGROUND

### I.    Material Undisputed Facts

1.    Plaintiff is a female employee of Defendant. ECF 1 at ¶ 1.

2.    E.E.O.C. received Plaintiff's initial Charge of Discrimination on September 26, 2019. In it, she accused Defendant of retaliating against her on April 8, 2019 by denying her a promotion despite meeting the job's qualifications and being more qualified than the other finalist. Her supervisor against whom she brought an internal grievance in 2012 had participated in the hiring process, and she alleged that he caused her to lose that opportunity. ECF 14 at 1.

3.    She filed an Amended Charge of Discrimination on November 6, 2019. She added a claim of sex discrimination to her initial claim of retaliation. She changed the earliest date of discrimination to 2012, but left the latest discrimination date as April 8, 2019. She added the

statement that she was discriminated against "due to [her] sex (female) in retaliation for engaging in protected activities." She made no other revisions. ECF 14 at 2.

4.      E.E.O.C. issued its Dismissal and Notice of Rights letter on September 28, 2020. It reported that it was "unable to conclude that the information obtained establishes violations of the statutes." It made no "finding . . . as to any other issues that might be construed as having been raised by this charge." ECF 14-3.

## II.      Claim for Relief

Plaintiff alleges retaliation for her 2012 grievance in two respects. First, her supervisor caused her not to be hired for the higher-level job opening, and second, he has treated her niece more harshly than other guests at the aquatics center where they work. She brings one claim of retaliation in violation of 42 U.S.C. § 2000e-3 (Title VII) against Defendant for both alleged actions.

## LEGAL STANDARDS

## I.      Fed. R. Civ. P. 56(c)

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). A court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The moving party bears the initial responsibility of providing to the court the factual basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence

to carry its burden of persuasion at trial." *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002).

If the movant properly supports a motion for summary judgment, the non-moving party has the burden of showing there are issues of material fact to be determined. *Celotex*, 477 U.S. at 322. That is, the opposing party may not rest on the allegations contained in the complaint, but must respond with specific facts showing a genuine factual issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 247–48 ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324).

"[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record and draws all inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

## II.      Administrative Exhaustion

Exhaustion of administrative remedies is a prerequisite to a Title VII lawsuit. It serves two purposes. It gives notice to the employer of the employee's grievance. *Smith v. Cheyenne Retirement Investors, LP*, 904 F.3d 1159, 1164 (10th Cir. 2018). It also gives E.E.O.C. the opportunity to resolve the dispute between the employee and employer. To fulfill those goals, the

employee therefore must make a good faith effort to cooperate and to provide all relevant, available information to E.E.O.C. *Cirocco v. McMahon*, 768 F. App'x 854, 859 (10th Cir. 2019).

That includes identifying all grievances. An employee must pursue administrative remedies for "each discrete instance of discrimination or retaliation." *Apsley v. Boeing Co*., 691 F.3d 1184, 1210 (10th Cir. 2012). The charge must put the E.E.O.C. on notice of what is at issue. *Id*. What the employee later may litigate in court "is generally limited to the scope of the administrative investigation that can reasonably be expected to follow the [submitted] charge." *Smith*, 904 F.3d at 1164. The charge also must have contained facts concerning the discriminatory or retaliatory actions underlying each claim. *Jones v. U.P.S., Inc*., 502 F.3d 1176, 1186 (10th Cir. 2007). Although a court construes a charge liberally, only those grievances that were subject of E.E.O.C. action are considered exhausted. *Id*.

The employer-defendant may assert the failure to exhaust as an affirmative defense to the litigation. *Cirocco*, 768 F. App'x at 858.

## ANALYSIS

Plaintiff alleges two instances of unlawful retaliation. The first instance concerns the April 2019 decision not to promote her, which Defendant concedes was properly exhausted. The second concerns how her supervisor has treated her niece more harshly than other facility guests. ECF 1 at ¶¶ 43–44, 56(h). In May 2019, Plaintiff filed an internal grievance with her employer raising this particular allegation. *Id*. at ¶ 53(b). However, because it was not subject of the initial or amended charges that she filed with the E.E.O.C., Defendant argues that Plaintiff may not add it to the retaliation claim in this lawsuit.

Implicitly conceding Defendant's argument, Plaintiff attaches to her Response a seven-page letter that she says she sent to E.E.O.C. during its investigation. ECF 20-1. It is not on any E.E.O.C. form or even dated. This is the first time it has seen the letter, Defendant asserts, and

4

objects to her reliance on it. ECF 22 at 3. However, even if the Court accepts that the letter is part of the E.E.O.C.'s file, it does not show exhaustion of this particular retaliation claim.

In the letter, Plaintiff complains about her supervisor's treatment of her niece, and she reports bringing the matter to the Defendant's attention in May 2019. She also complains about the Defendant's unsatisfactory response to "the issue surrounding my niece (discrimination)." ECF 20-1 at 6–7. However, she does not expressly relate that particular issue to her charge. Instead, she presents it as one part of the full history of her experiences while in Defendant's employment and her problems with her supervisor and others. It is more background than a discrete charge.

More importantly, the letter is not considered part of the charging document that defines the scope of a claim. The exhaustion inquiry is limited to the allegation in the charge form, itself, and not any responsive documents. *Smith*, 904 F.3d at 1165. Plaintiff relies on *Jones v. U.P.S., Inc.*, 502 F.3d 1176 (10th Cir. 2007) to show how a court may make a liberal inquiry, but *Jones'* still limited its review to the questionnaire form. *Jones* looked to those parts of the form that would have prompted E.E.O.C. to investigate. It found those claim categories that the plaintiff expressly checked and their accompanying descriptive texts to define what was exhausted. *Id*. at 1187. *Jones* does not go so far as to say that an item of correspondence sent at some point after the charge form also defines the charge's scope. To the contrary, a responsive document does not enlarge the scope of the charge. *Sanderson v. Wyo. Highway Patrol*, 976 F.3d 1164, 1171–72 (10th Cir. 2020).

## CONCLUSION

Plaintiff does not relate her complaint about her niece's treatment to her complaint about not being hired for the higher-level position. Instead, she raises it as "a discrete materially adverse incident of continued retaliation against [her] because of her 2012 complaint." ECF 20 at 7. She presents "[t]he action against [her] niece [as] a stand-alone material adverse action against [her.]" ECF 21 at 10. Therefore, she should have presented it as such so that E.E.O.C. knew to investigate

it and Defendant knew to respond to it. That meant raising it in the charge document, itself. Merely referencing it as part of the general background in a letter was insufficient to trigger the administrative redress process, and consequently, to satisfy the exhaustion prerequisite to litigate it in this lawsuit.

Accordingly, Defendant's Motion for Partial Summary Judgment [filed February 12, 2021; ECF 14] is **granted** on Plaintiff's retaliation claim based on her niece's treatment for the failure to exhaust it administratively.

Dated at Denver, Colorado, this 29th day of March, 2021.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge