IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03768-MEH

ANGELA YAZDANI,

      Plaintiff,

v.

CITY OF BRIGHTON,

      Defendant.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendant's Motion to Dismiss. ECF 15. The Motion is fully briefed, and the Court finds that oral argument will not materially assist in its adjudication. For the reasons that follow, the Motion is granted in part and denied in part.

## BACKGROUND

I.    **Alleged Facts**

Plaintiff began working for Defendant on November 9, 2009. During the course of her employment, she held the title of Recreation Coordinator Aquatics. ECF 1 at ¶¶ 18, 20. She has no disciplinary record and consistently received positive performance appraisals. *Id*. at ¶ 19.

Her direct supervisor is J.H., a male employee who holds the title of Assistant Director Recreation Services. In 2012, Plaintiff filed a formal grievance about him, alleging sex discrimination. She complained of feeling unsafe, harassed, and unfairly treated. *Id*. at ¶ 23. Defendant investigated her complaint. It found no unlawful employment action, but it did conclude that J.H. nonetheless had acted inappropriately. Defendant's Human Resources Director and Parks

Director both issued Plaintiff an apology. *Id*. at ¶¶ 25–27. J.H. remained her direct supervisor. *Id*. at ¶ 28.

During February and March of 2019, Plaintiff applied for a Recreation Supervisor position, which would have been a promotion. She was well-qualified for the position, and she was one of two finalists who were granted second interviews. *Id*. at ¶¶ 29–30, 32.

J.H. exercised considerable input in the selection process. At the second round of interviews, he interviewed her alone. J.H. knew about her prior grievance, and it was the focus of his interview questions, asking her about his conduct and comments that were subject of it. *Id*. at ¶¶ 31, 34–35. Plaintiff believes that her second-round interview differed significantly from the other finalist. *Id*. at ¶ 36.

On April 18, 2019, J.H. informed her that she was not selected for the position. Plaintiff complained to Defendant's Human Resources Director that her non-selection was discriminatory. She alleges that she was more qualified given her tenure and technical knowledge. She has twenty years of full-time experience as a certified aquatic manager. *Id*. at ¶¶ 37–40.

## II.    Claim for Relief

Plaintiff alleges that she lost the promotion because of her 2012 grievance. She claims retaliation in violation of 42 U.S.C. § 2000e-3 (Title VII).

## LEGAL STANDARDS

## I.    Fed. R. Civ. P. 12(b)(6)

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of a plaintiff's complaint. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of

a motion to dismiss, means that the plaintiff pleaded facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. *Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Iqbal*, 556 U.S. at 679–80. Second, a court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, then the claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that

3

requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id*. (quotation marks and citation omitted).

## ANALYSIS

To state a *prima facie* case of Title VII retaliation, Plaintiff must show (1) her engagement in protected opposition to discrimination, (2) a reasonable employee would have found Defendant's action materially adverse, and (3) a causal connection between her protected activity and the materially adverse employment-related action. *Hansen v. SkyWest Airlines*, 844 F.3d 914, 925 (10th Cir. 2016). Defendant does not dispute whether Plaintiff successfully pleads the first two elements.

Instead, Defendant argues that Plaintiff does not establish the causation element. "A causal connection may be demonstrated by evidence of circumstances that justify an inference of retaliatory motive." *Davis v. BAE Sys. Tech. Sols. & Servs., Inc*., 764 F. App'x 741, 744 (10th Cir. 2019). The standard is the equivalent of the "but for" theory of causation. *Ward v. Jewell*, 772 F.3d 1199, 1203 (10th Cir. 2014).

There is a seven-year gap between the protected activity (her internal grievance in 2012) and the alleged retaliatory response (the denial of the job in April 2019). That time span is too long to indicate a causal relationship by itself. *O'Neal v. Ferguson Constr. Co*., 237 F.3d 1248, 1253 (10th Cir. 2001) (noting that a three-month period, standing alone, is insufficient). It does not defeat a finding of causation, but it does require Plaintiff to overcome the assumption that retaliatory animus dissipates over time.  *Davis*, 764 F. App'x at 744. Consequently, Plaintiff "must offer additional evidence to establish causation." *O'Neal*, 237 F.3d at 1253.

4

Plaintiff emphasizes how J.H. remained her direct supervisor despite her grievance against him. She furthers that J.H. was allowed to have substantial involvement in the hiring process, including interviewing her alone. However, those facts show no retaliatory animus on their own. First, Plaintiff offers no explanation why Defendant should not have permitted J.H. to remain her supervisor after the internal grievance. Nor does she plead any instance of adverse treatment by him during the intervening seven years. Second, she does not explain why it is was improper for J.H. to participate in the hiring process or why a third party's presence was required for him, her longtime direct supervisor, to converse with her alone.

She also pleads that during that interview session when they were alone, he asked her about the 2012 grievance. She alleges that he "focused his questions on [her] prior complaint about his conduct and/or comments relating to her prior protected activity of filing a complaint against him for discrimination." ECF 1 at ¶ 35. It reasonably could be inferred from that alleged action that J.H. did maintain a retaliatory animus against her despite the span of time. If J.H. "exercised considerable input in the selection process," as she further alleges (*id*. at ¶ 31), then it reasonably could be inferred that his animus contributed to her losing the promotion, especially if she were the better qualified applicant.

In addition, Plaintiff pleads that Defendant departed from its own procedural rules. She alleges that the composition of the board to make the hiring decision was contrary to Defendant's rules. *Id*. at ¶ 56(e)-(g). As a general matter, unlawful motivation may be inferred from irregularities in a defendant's actions. *Trujillo v. PacifiCorp*, 524 F.3d 1149, 1159 (10th Cir. 2008).

Because Plaintiff relies on circumstantial evidence of retaliatory motive, she must follow the framework that *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) created to prove her claim. *Ward*, 772 F.3d at 1202. Defendant tests only whether she pleads the initial *prima facie* step of that analysis. This Court finds that Plaintiff's pleadings suffice to establish causal relationship

under that first step's lighter burden. *E.E.O.C. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1193–95, n.7 (10th Cir. 2000). Defendant does not challenge Plaintiff's retaliation claim against the full *McDonnell Douglas* inquiry.

<u>**CONCLUSION**</u>

For present purposes, the Court accepts Plaintiff's allegations as true. Because her allegations suggest the possibility that retaliatory animus was the reason for the adverse outcome, Plaintiff makes a *prima facie* showing of causation. Whether the evidence will support that inference is not before the Court at this time. As Plaintiff adds, "the issue of a causal link will be developed for both parties in formal discovery." ECF 21 at 8.

Accordingly, Defendant's Motion to Dismiss [<u>filed February 12, 2021; ECF 15</u>] is **granted in part and denied in part**. It is granted to the extent Plaintiff voluntary dismisses her second claim for relief based on a hostile work environment (*id*. at n.1) and to the extent she withdraws allegations about committee service (*id*. at n.2). The Motion is denied with respect to her first claim for retaliation for the failure to hire her for the higher-level position.

Dated at Denver, Colorado, this 29th day of March, 2021.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge